UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00030-FDW

| | |
|---|---|
| JONATHON MICHAEL BRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Jonathon Michael Britt's Motion for Summary Judgment (Doc. No. 15) filed August 9, 2018, Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 21) filed on November 8, 2018, and Plaintiff's Motion to Remand (Doc. No. 9) filed on July 27, 2018. Plaintiff, through counsel, seeks remand of his case for a new hearing pursuant to Rule 7(b). In the alternative, Plaintiff seeks judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand, DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

I. BACKGROUND

Plaintiff filed an application for disability benefits under Title II on August 16, 2014. (Tr. 33). After his application was denied initially and upon reconsideration (Tr. 135, 141, 146), Plaintiff requested a hearing (Tr. 150). A hearing was held on January 11, 2017. (Tr. 33, 59, 55).

1

On February 17, 2017, the ALJ issued an unfavorable decision. (Tr. 30). Plaintiff's request for review by the Appeals Council was denied on December 8, 2017. (Tr. 4.).

The ALJ determined Plaintiff was not disabled since March 7, 2013. (Tr. 33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date and that he had the severe impairments of degenerative disc disease, osteoarthritis of the knees, seizures, and PTSD. (Tr. 35). The ALJ determined that none of these impairments nor any combination of the impairments met or medically equaled a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 35). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC"):

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) except he should have no concentrated exposure to hazards (heights, machinery, etc.). From a mental health standpoint, the claimant is able to perform simple, routine, repetitive tasks; maintain concentration and persistence for simple, routine, repetitive tasks for two hour segments; and adapt to routine changes in a work setting. He is limited to work that requires no interaction with the public and no more than occasional interaction with co-workers and supervisors.

(Tr. 37). The vocational expert ("VE") testified that the Plaintiff's past relevant work as a contractor exceeded Plaintiff's RFC and that Plaintiff was unable to perform the duties of his past relevant work. (Tr. 48). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the VE testified that an individual with these limitations could perform jobs in the national economy and listed jobs, which work exists in significant numbers in the national economy. (Tr. 49). Thus, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act. Id.

## II. MOTION TO REMAND

Plaintiff filed a Motion to Remand under Lucia, seeking a new hearing, before a different ALJ, on the grounds that the ALJ and the Administrative Appeals Judge presiding over his claim

were not constitutionally appointed. (Doc. No. 18). In Lucia v. SEC, 138 S. Ct. 2044, 2055 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. However, Lucia made it clear that, with regard to Appointments Clause challenges, only "one who makes a timely challenge" is entitled to relief. Id. (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)). In Lucia, the Supreme Court acknowledged the challenge was timely because it was made before the Commission. Id. To the extent Lucia applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings. See Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554 (W.D.N.C. Oct. 10, 2018); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended) (holding that plaintiff forfeits issues not raised before ALJ or Appeals Council). For these reasons, this Court DENIES Plaintiff's Motion to Remand (Doc. No. 9) and addresses the arguments made on summary judgment.

### III. MOTION FOR SUMMARY JUDGMENT

Plaintiff has exhausted all his administrative remedies and now appeals. (Doc. No. 1). In Plaintiff's motion for summary judgment, Plaintiff claims that the ALJ's decision should be reversed because the ALJ committed error to the prejudice of the Plaintiff in his evaluation of (1) Plaintiff's physical and mental health impairments, (2) the opinions expressed by the vocational expert, and (2) the Departments of Veterans Affairs medical opinions.[1] (Doc. No. 16 at 10).

A. Standard of Review

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability

---

[1] The Court notes that Plaintiff re-raises his argument for remand under Lucia in his Motion for Summary Judgment. (See Doc. No. 16 at 9-14). However, because the Court already addressed that argument in Plaintiff's Motion to Remand, the Court declines to do so again.

determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4)

could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

B. Analysis

1. Mental RFC Assessment

Plaintiff argues that the ALJ's RFC assessment of Plaintiff's mental and physical limitations is not supported by substantial evidence. (Doc. No. 16 at 10, 14-19).[2] Plaintiff, however, cites to unadorned medical opinions on record before arguing, without meaningful explanation, that the "[ALJ's] findings interpreting . . . the uncontradicted evidence of the mental health limitations of the Plaintiff, represent a clear violation of the standards set out in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)." Id. at 17. Plaintiff does not provide any articulation or legal analysis as to how the ALJ's decision is allegedly inconsistent with Mascio. Instead, Plaintiff

---

[2] The Court deems Plaintiff's challenge regarding his physical impairments as being waived because Plaintiff does not identify any errors in support of his challenge, apart from raising the issue as an assignment of error. See Duckworth v. Berryhill, No. 5:15-cv-00129, 2017 WL 1528757, at *5 (W.D.N.C. Apr. 26, 2017) ("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (internal citations omitted).

6

highlights what he deems to be "uncontradicted evidence of the mental health limitations of the Plaintiff" and cites legal authority with no analysis or explanation. Id. at 14-19.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); see also 20 C.F.R. § 404.1545(a)(1). SSR 96-8p provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." 1996 WL 374184, at *7. The RFC is based upon all relevant evidence and may include the claimant's own description of limitations from alleged symptoms. Id. at *5; 20 C.F.R. § 404.1545(a)(3). In formulating a RFC, the ALJ is not required to discuss each piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016). In Mascio, the Fourth Circuit held that limitations in concentration, persistence, or pace cause work-related limitations with staying on task, and while the ALJ may find that no limitations are required, an explanation is necessary. 780 F.3d at 638.

The Court finds that the instant case is distinguishable from Mascio. First, the instant case shows that the ALJ considered the evidence relating to Plaintiff's mental impairment. (See Tr. 45-48). The ALJ considered whether the "paragraph B" criteria were satisfied and found that Plaintiff had moderate limitations in all four areas of mental functioning under 20 C.F.R. § 404.1520(a). (Tr. 35-36). The ALJ evaluated the objective medical evidence, including mental status examinations. (Tr. 39-40, 43). The ALJ evaluated the opinion evidence, including those of Plaintiff's therapist and the State agency consultants. (Tr. 38-45). Further, the ALJ evaluated the

7

factors relevant to Plaintiff's symptoms, including his daily activities (Tr. 39, 45), effectiveness of treatment (Tr. 39-40, 42-43, 47) and medication (Tr. 39), and precipitating and aggravating factors (Tr. 42). Moreover, the ALJ based his mental RFC finding on a properly conducted analysis by State agency medical consultants. See Linares v. Colvin, No. 5:14-cv-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.").

For these reasons, the Court concludes that the ALJ fully accommodated Plaintiff's severe mental impairment by including the appropriate limitations in the RFC. See Roope v. Berryhill, No. 5:16-cv-00048-GCM, 2017 WL 1364603, at *3 (W.D.N.C. Apr. 13, 2017) (holding that an explanation for how long a claimant is able to sustain concentration specifically addressed the plaintiff's ability to stay on task as required by Mascio); Palmer v. Colvin, No. 2:16-cv-00065-MOC, 2016 WL 7223450, at *7 (W.D.N.C. Dec. 13, 2016) (holding that the ALJ complied with Mascio because the ALJ "assessed the RFC to accommodate alleged impairments pursuant to her depression and limited the plaintiff, to routine, simple, tasks and superficial contact with the public and her co-workers" in the RFC determination). Mascio requires nothing greater. Accordingly, the Court finds that the ALJ considered Plaintiff's mental RFC in accordance with Mascio, and that the ALJ's mental RFC is supported by substantial evidence.

2. Vocational Expert Testimony

Plaintiff next argues that the ALJ erred in evaluating the opinions expressed by the VE in violation of the regulations and Mascio. (Doc. No. 16 at 10). Plaintiff makes several conclusory assertions of error before concluding without meaningful explanation, that the "[ALJ's] hypothetical questions posed to the vocational expert, and his findings interpreting the hypothetical

8

questions[,] . . . represent a clear violation of the standards set out in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)." Id. at 17. Plaintiff, however, once again fails to articulate any analysis or meaningful legal arguments as to how the ALJ's decision is allegedly inconsistent with Mascio.[3] See id. at 16-18.

In questioning a VE, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the VE great weight. Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984).

Here, the ALJ presented the following hypothetical to the VE:

> [A]ssume he would be able to perform and maintain concentration for simple, routine, repetitive tasks for two-hour segments, adapt to routine changes and he would be restricted to work that requires no public interaction and no more than occasional interaction with coworkers and supervisors . . . Would a hypothetical individual of his age, education level and work experience with those limitations be capable of work in the national economy?

(Tr. 74-75). The VE responded in the affirmative, indicating that the following jobs would be available: marker in retail (7,700 jobs in North Carolina and at least 282,400 jobs in the United States economy) and routing clerk (1,400 jobs in North Carolina and at least 139,000 jobs in the United States economy). (Tr. 75).

---

[3] Plaintiff's argument based on Mascio is inapplicable. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (citation and internal quotation marks omitted). Here, however, the ALJ's findings did not simply limit Plaintiff to simple, routine tasks, or unskilled work. Rather, the ALJ discussed the evidence of record and inconsistencies at length; made credibility determinations; and specifically restricted the hypothetical to Plaintiff's ability "to perform simple, routine, repetitive tasks for two-hour segments and adapt to routine changes in a work setting that requires no more than occasional interaction with coworkers and supervisors and no interactions with the public." (Tr. 37-48, 74-76). In so finding, the ALJ sufficiently explained his determinations, which are supported by substantial evidence in the record. Id. As such, Mascio is simply not applicable.

The ALJ then posed another hypothetical with the same limitations but asking if the person could do other work. (Tr. 76). The VE responded that an individual with such limitations would be able to perform the sedentary work of document preparer (1,200 jobs in North Carolina and at least 46,100 jobs in the United States economy); addresser (100 jobs in North Carolina and at least 7,400 jobs in the United States economy); and surveillance systems monitor (100 jobs in North Carolina and approximately 5,300 jobs in the United States economy). Id. The ALJ then posed a final hypothetical with the same limitations but adopting the assessment from Mr. Sanders and filed that claimant has a substantial or a marked loss in his ability to perform at least one of the basic mental demands of unskilled work activities. (Tr. 77). The VE responded that an individual with such limitations would not be able to perform other work. Id. Notwithstanding this opinion from the VE, the ALJ found the Plaintiff to be not disabled because he ultimately gave less weight to Mr. Sander's testimony. (See Tr. 45).

Here, the ALJ identified Plaintiff's functional limitations or restrictions based upon his consideration of all other evidence in the record, which is supported by substantial evidence, and incorporated those limitations into the hypothetical questions. The ALJ then adopted the opinion of the VE that is consistent with the limitations that he found. Because Plaintiff's conditions and limitations outlined in the RFC were accurately portrayed to the VE, the ALJ's reliance on the opinion of the VE that jobs were available to a person with Plaintiff's limitations was proper. Thus, the Court concludes that the ALJ's decision is supported by substantial evidence and was reached through proper application of the correct legal standards.

3. Veteran's Affairs Disability Rating

Plaintiff's final assignment of error is that the ALJ "committed error to the prejudice of the Plaintiff in his evaluation of the Department of Veterans Affairs medical opinions regarding the

disability of the Plaintiff in violation of the standards set out by the U.S. Court of Appeals in Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012)." (Doc. No. 16 at 10).

A disability decision by another entity does not bind the SSA. 20 C.F.R. § 404.1504. However, the ALJ is "required to consider all record evidence relevant to a disability determination, including decisions by other agencies." Bird v. Comm'r, 699 F.3d 337, 343 (4th Cir. 2012) (citing SSR 06–03p, 2006 WL 2329939 at *6–7). The decisions by other agencies, "and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s)." SSR 06-03p. Accordingly, the ALJ "should explain the consideration given to these decisions in the notice of decision for hearing cases." Id. In Bird, the Fourth Circuit held that the ALJ must give substantial weight to a Veterans Affairs disability rating unless the record before the ALJ "clearly demonstrates" that such a deviation from a finding of substantial weight is appropriate. 699 F.3d at 343-44. However, the ALJ must explain his or her rationale if they do so. See SSR 06-03p. Remand is appropriate when an ALJ fails to adhere to Bird's directive. See Williams v. Colvin, No. 5:13–cv–571–FL, 2015 WL 73954, at *3 (E.D.N.C. Jan. 6, 2015).

The Court finds that the instant case does not actually present a Bird issue, as the VA disability rating decisions is not contained in the record. In Rodgers v. Colvin, No. 5:13-cv-345-D, 2015 WL 636061, at *8 (E.D.N.C. Feb. 13, 2015), the court held that that remand was not appropriate despite the ALJ's failure to give substantial weight to a VA disability rating because the Rating Decision was not in evidence, and the records supplied contained only passing references to the plaintiff's numerical VA disability rating. 2015 WL 636061 at *9. Here, Plaintiff testified that he was on Army disability. (Tr. 71). The record contains Plaintiff's treatment records from the VA hospital that contain references to Plaintiff's numerical VA disability rating. (See Tr. 301, 196, 301, 748). However, Plaintiff failed to include the VA's decision explaining the rationale

11

behind his award of benefits. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) ("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Thus, it is unclear what evidence or reasoning the VA used in making its determination. See SSR 06-03p, 2006 WL 2329939, at *7 (Aug. 9, 2006) ("These decisions, *and the evidence used to make these decisions*, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by [another agency] based on [its] rules.") (emphasis added). For these reasons, the Court finds that remand is not warranted under Bird.[4]

C. Conclusion

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED; the Commissioner's Motion for Summary Judgment (Doc. No. 21) is GRANTED and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: November 30, 2018

Frank D. Whitney
Chief United States District Judge

---

[4] The Court further notes that even assuming *arguendo* that the ALJ failed to develop the record here, see Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that the ALJ has a responsibility to "explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate") (citation omitted), Plaintiff has offered no explanation for why the VA disability rating decision was not included in the record, and does not allege how the VA disability rating decision might have changed the outcome of the case, given the ALJ's consideration of Plaintiff's mental impairments, including his PTSD and related limitations in the RFC, see Rodgers, 2015 WL 636061 at *11 (holding that "[a]n ALJ's failure to fully develop the record only warrants remand when the 'failure is prejudicial to the claimant,' and a claimant . . . show[s] that '[he] could and would have adduced evidence that might have altered the result'") (internal citations omitted). Accordingly, the Court determines that remand is not warranted here.